**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 18-3040-02-CR-S-BP** |
| **JOHN D. DEWEESE**, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B);
2. The defendant poses a risk to the safety of others in the community; and
3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under

the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute five grams or more of methamphetamine (actual), a crime for which a term of not less than five years' imprisonment is required and not more than 40 years imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, defendant's statutory sentencing range is currently a term of imprisonment not less than five years and not more than 40 years imprisonment.

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

1. In February of 2017, John Deweese communicated with Nathaniel Eisenhour, who was in the Missouri Department of Corrections (MDOC) at the time. Eisenhour made calls to a member of Deweese's family and Jared Allen and during those conversations, Eisenhour and Allen spoke to one another as well. Eisenhour and Deweese are both members of the Southwest Honkeys prison gang. Deweese, at that time, had been recently released from the MDOC himself.

2. During a prison call from Eisenhour to Jared Allen on February 19, 2017, Allen, Eisenhour, and Deweese plotted to assault a man who was seeing Eisenhour's girlfriend while Eisenhour was in prison.

3. During the calls with Eisenhour, Allen and Eisenhour also talked about Allen and Deweese selling methamphetamine they obtained from fellow Southwest Honkey William "Willy" Jones. Jones was indicted by a federal grand jury in the Western District of Missouri, case number 17-3126-01/03-CR-S-MDH, in November of 2017, based on evidence that he purchased approximately 20 pounds of methamphetamine in Kansas City and had Justin Rhoads transport it back to Southwest Missouri in October of 2017.

4. On April 14, 2017, Allen was arrested at the Battlefield Mall with approximately 8.5 grams of methamphetamine, a distributive amount.

5. On April 20, 2017, Deweese was arrested with approximately 39 grams of methamphetamine and a firearm.

6. Deweese has prior convictions for violation of an order of protection, burglary in the second degree, stealing, forgery (three times), resisting arrest, and receiving stolen property (twice).

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

By    */s/ Josephine M. Larison*
    Josephine M. Larison
    Missouri Bar No. 63956
    Special Assistant United States Attorney
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on April 10, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    */s/ Josephine M. Larison*
    Josephine M. Larison
    Special Assistant United States Attorney