IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 18-cr-03040-02-MDH |
| JOHN D. DEWEESE, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion for appointment of counsel to assist in his eligibility to reduce his sentence under Amendment 821 to the Sentencing Guidelines. (Doc. 90). The government has filed a response stating application of Amendment 821 does not reduce defendant's criminal history category or his guidelines range and that he is ineligible for a reduction. (Doc. 97).

First, the Court appointed the Office of the Federal Public Defender to represent Defendant in response to his motion seeking relief in accordance with 18 U.S.C. § 3582(c)(2) and the 2023 Criminal History Amendments to the Sentencing Guidelines, including Part A (Status Points under § 4A1.1) and Part B (Zero-Point Offenders), made retroactive by recent amendment. (Doc. 91). The Federal Public Defender subsequently moved to withdraw from that representation and that motion was granted by the Court. (Doc. 94). Based on the Court's appointment of counsel Defendant's *pro se* motion for appointment of counsel is **DENIED** as moot. (Doc. 90).

Further, Defendant's relief under Amendment 821 is also denied for the reasons set forth in the government's response: following a guilty plea, defendant was convicted of possession

with intent to distribute five grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Three); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). For Count Three, the Court calculated a total offense level 25, a criminal history score 12, a criminal history category V, and an advisory guidelines range of 60 to 125 months' imprisonment. Count Four required a 60-month consecutive sentence to Count One. The total criminal history score included two criminal history points because defendant committed the instant offense while under a criminal justice sentence. See U.S.S.G. § 4A1.1(d) (2018). The Court imposed a sentence of 100 months on Count Three and 60 months consecutive on Count Four, for a total sentence of 160 months' imprisonment.

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply to the defendant or his guidelines range does not change, the court may not reduce his sentence. See id. § 1B1.10(a)(2). Even if an amendment applies and reduces a defendant's guidelines range, this Court lacks authority to reduce a sentence below the amended guidelines range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Defendant is not eligible for relief under Amendment 821. First, Defendant is not eligible for relief under Part A of the amendment because his guidelines range would not be reduced. Under the then-existing guidelines, defendant's total criminal history score was 12 and his criminal history category was V. Applying Amendment 821's change to § 4A1.1 to defendant's guidelines calculation would reduce his total criminal history score to 11 but would not change his criminal history category or his Guidelines range. Second, Defendant is not eligible for relief under Part B of the amendment because he received criminal history points at his original sentencing. Therefore, Defendant is ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's opposition, the Court hereby **DENIES** Defendant's motion. Defendant's motion to appoint counsel is moot and further Defendant is ineligible for relief.

**IT IS SO ORDERED**.

DATED: July 22, 2024            */s/ Douglas Harpool*
                                **DOUGLAS HARPOOL**
                                **UNITED STATES DISTRICT JUDGE**